IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02704-CMA-BNB

VAUGHN R. ARNOLD,

Plaintiff,

v.

MANNING NAVCOMP, INC., a Texas corporation,

Defendant.

_____

**ORDER**
_____

This matter arises on the following:

(1)     **Manning NavComp Inc.'s Motion to Vacate Scheduling Conference** [Doc. # 11, filed 2/1/2100] (the "Motion to Vacate"); and

(2)     **Manning NavComp Inc.'s Request for Leave to Reply** [Doc. # 15, filed 2/4/2011] (the "Motion to Reply").

The defendant seeks an order vacating the scheduling conference set for February 23, 2011, at 8:30 a.m.  In support of the Motion to Vacate, the defendant points to its pending Motion to Dismiss [Doc. # 9] and Motion to Transfer Venue [Doc. # 10].

Motions to dismiss are denied, in whole or in part, far more often than they are granted in their entirety.  Rulings on motions to dismiss ordinarily take a number of months from filing to decision.  Consequently, on a statistical basis and without attempting to prejudge the decision of the district judge on the defendant's Motion to Dismiss, staying a case pending a ruling on a

motion to dismiss results in unnecessary delay in most cases.  In addition, I have reviewed the Motion to Dismiss filed here, and it is not obvious to me that it will be granted.

Nor does the Motion to Transfer Venue justify delaying the scheduling conference. Although the Western District of Texas may require a different form of scheduling order, any disclosures and discovery taken here can be used even if the case subsequently is transferred.

There is no reason to delay the progress of the case while these motions are pending.

IT IS ORDERED:

(1)     The Motion to Vacate [Doc. # 11] is DENIED; and

(2)     The Motion to Reply [Doc. # 15] is DENIED as moot.

Dated February 7, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge